UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK GARNES,

                        Plaintiff,

   -v-

PRITCHARD INDUSTRIES, INC.,

                        Defendant.

CIVIL ACTION NO.: 22 Civ. 10674 (PAE) (SLC)

**ORDER OF SERVICE**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Mark Garnes ("Mr. Garnes"), who is appearing pro se, brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"), alleging that his employer, Defendant Pritchard Industries, Inc. ("Pritchard"), discriminated against him based on his race and religion. (ECF No. 2 (the "Complaint")). The Court construes the Complaint as also asserting claims under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 296 et seq., and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 et seq., against Pritchard. On January 18, 2023, the Court granted Mr. Garnes' request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. (ECF No. 3).

## II. DISCUSSION

Because Mr. Garnes has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service (the "U.S. Marshals") to effect service.[1] Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (instructing that the court "must" order the U.S. Marshals to serve "if the plaintiff is authorized to proceed" IFP).

To allow Mr. Garnes to effect service on Pritchard through the U.S. Marshals, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return Form ("USM-285 Form") for Pritchard. The Clerk of Court is further instructed to issue an amended summons and deliver to the U.S. Marshals all the paperwork necessary for the U.S. Marshals to effect service upon Pritchard.

If the Complaint is not served within 90 days after the date the amended summons is issued, Mr. Garnes should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Mr. Garnes must notify the Court in writing if his address changes, and the Court may dismiss the action if Mr. Garnes fails to do so.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, (see Fed. R. Civ. P. 4(m)), here, the Court extends the time to serve until 90 days after the date the summons is issued.

### III. CONCLUSION

The Clerk of Court is instructed to (i) complete the USM-285 Form with the address for Pritchard below and deliver to the U.S. Marshals all documents necessary to effect service, and (ii) mail an information package, and a copy of this Order, to Mr. Garnes.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:   February 23, 2023            SO ORDERED.
         New York, New York

_____
SARAH L. CAVE
United States Magistrate Judge

Mail To:     1205 Atlantic Ave.
             Unit #363
             Brooklyn, NY 11216

**DEFENDANT AND SERVICE ADDRESS**

Pritchard Industries, Inc.
150 East 42nd Street, 7th Floor
New York, NY 10017