UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                      :
MARK GARNES,                                    :
                                      :
                           Plaintiff,          :        22 Civ. 10674 (PAE) (SLC)
                     -v-                       :
                                      :        OPINION & ORDER
PRITCHARD INDUSTRIES, INC.,         :
                                      :
                          Defendant.       :
                                      :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

In this action, *pro se* plaintiff Mark Garnes brings various claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and 42 U.S.C. § 1981 against his former employer, defendant Pritchard Industries, Inc. *See* Dkt. 2 ("Complaint").[1]

Currently pending is defendant's motion to dismiss or, alternatively, to compel arbitration. *See* Dkts. 11–12. In a thorough and persuasive Report and Recommendation, the Honorable Sarah L. Cave, United States Magistrate Judge, has recommended the Court (1) grant defendant's motion insofar as it seeks to compel plaintiff to arbitrate his claims; (2) otherwise deny the motion without prejudice; and (3) enter a stay of this action pending arbitration. Dkt. 19 ("Report"). On August 8, 2023, plaintiff timely filed objections to the Report. Dkt. 21 ("Obj."). Defendant did not respond to those objections. For the following reasons, the Court adopts Judge Cave's recommendations in full.

---

[1] Plaintiff previously filed another action against defendant alleging Title VII and breach-of-contract claims. *See Garnes v. Prichard Indus., Inc.*, No. 20 Civ. 3843 (PAE) (SLC). In that case, this Court compelled plaintiff to arbitrate his Title VII claims and stayed the entire case, including the non-arbitrable contract claim, pending arbitration. *See Garnes v. Pritchard Indus., Inc.*, No. 20 Civ. 3843 (PAE) (SLC), 2023 WL 3977882, at *1 (S.D.N.Y. June 13, 2023).

**DISCUSSION**

After a magistrate judge has issued a Report and Recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept the portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*. *See id.*; Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). When a *pro se* plaintiff files objections, those objections "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up).

Plaintiff's brief, construed liberally, advances two arguments against the Report's adoption. First, plaintiff argues that he "is without the necessary autonomy to compel . . . arbitration." Obj. at 2. In plaintiff's view, "only the union [i.e., Local 32BJ of the SEIU] has that authority" under the Collective Bargaining Agreement. *Id.* But plaintiff misreads the Collective Bargaining Agreement. That agreement provides in relevant part:

> There shall be no discrimination against any present or future employee by reason of race, creed, color, age, disability, national origin, sex, sexual orientation, union membership or any characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, 42 U.S.C. § 1981, . . . or any other similar laws, rules or regulations. *All such claims shall be subject to the grievance and arbitration procedure (Article V and VI) as the sole and exclusive remedy for violations.*

2

Dkt. 13, Ex. 2 ("Collective Bargaining Agreement") at 114 (emphasis added).  It further provides that a "Covered Claim"—that is, a claim that falls within the scope of the arbitration provision—may be "made by the Union or by an individual employee." *Id*. at 115.

Under the agreement's express terms, the claims plaintiff asserts in this litigation—under Title VII and § 1981—are subject to arbitration.  And he is free to initiate that arbitration when he so chooses.  "[A] collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate" federal civil-rights claims, like those at issue here, "is enforceable as a matter of federal law."  *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009); *see also Gonder v. Dollar Tree Stores, Inc.*, 144 F. Supp. 3d 522, 526 (S.D.N.Y. 2015) ("It is well settled that Congress intends Title VII claims to be arbitrable.").  That remains so, even if plaintiff would prefer to bring his claims in federal court, and even if the union has not attended to plaintiff's claims with the vigor he feels is warranted.  *See, e.g.*, *Vaca v. Sipes*, 386 U.S. 171, 191 (1967) ("[A] union member has no absolute right to have his or her grievance taken to arbitration.").  The Court thus finds no merit to this objection.

Second, plaintiff argues that the "Union's failure to pursue the grievance and/or arbitration" has nullified his substantive rights.  Obj. at 2.  In support of this proposition, he cites *Ragone v. Atlantic Video at Manhattan Center*, 595 F.3d 115 (2d Cir. 2010).  But *Ragone* is inapposite.  In *Ragone*, the Second Circuit explained that a "federal court will compel arbitration of a statutory claim only if it is clear that 'the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum,' such that the statute under which its claims are brought 'will continue to serve both its remedial and deterrent function.'" *Id.* at 125 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 (1985)).  It is clear that plaintiff may effectively vindicate his rights in the arbitral proceeding provided for in the

3

agreement. He is, for instance, free to initiate an arbitration without the union's support. *See* Collective Bargaining Agreement at 113; *see, e.g., Germosen v. ABM Indus. Corp.*, No. 13 Civ. 1978 (ER), 2014 WL 4211347, at *7 (S.D.N.Y. Aug. 26, 2014) (relying on a similar provision to uphold arbitration). And he is entitled to an arbitrator who "shall apply appropriate law in rendering decisions based upon claims of discrimination." Collective Bargaining Agreement at 114; *see, e.g., Gildea v. BLDG Mgmt.*, No. 10 Civ. 3347 (DAB), 2011 WL 4343464, at *6 (S.D.N.Y. Aug.16, 2011) (relying on a similar provision to uphold arbitration). No more is required. It is plaintiff's "failure to exhaust those avenues" of redress, "not anything the Union did, that render[ed] his federal lawsuit premature." *Germosen*, 2014 WL 4211347, at *7. This objection also fails.

## CONCLUSION

For the foregoing reasons, the Court adopts the recommendations in the Report, compels plaintiff to arbitrate his Title VII and § 1981 claims, and enters a stay of this case pending arbitration. The Court respectfully directs the Clerk to mail a copy of this decision to plaintiff at the address on file.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 6, 2023
　　　　New York, New York