UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
MARK GARNES,                                                      :
                                                                  :
                                    Plaintiff,                     :          22 Civ. 10674 (PAE) (SLC)
                                                                  :
            -v-                                                   :
                                                                  :          OPINION & ORDER
PRITCHARD INDUSTRIES, INC.,                                       :
                                                                  :
                                    Defendant.                    :
                                                                  :
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

In this action, *pro se* plaintiff Mark Garnes brings various claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and 42 U.S.C. § 1981 against his former employer, defendant Pritchard Industries, Inc. ("Pritchard"). Dkt. 2 ("Compl."). On September 6, 2023, the Court, upon the report and recommendation of the Hon. Sarah L. Cave, United States Magistrate Judge, held that Garnes was required to arbitrate his discrimination claims, and stayed this case pending arbitration. Dkt. 22.

On February 5, 2024, Judge Cave required Garnes to "promptly take the necessary steps to initiate arbitration." Dkt. 23 at 3. On May 3, 2024, having heard nothing from Garnes in the interim, Judge Cave ordered Garnes to show cause by May 10, 2024 why this action should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). Dkt. 24.

Now before the Court is the June 13, 2024 report and recommendation from Judge Cave that recommends the Court dismiss this action without prejudice for failure to prosecute. Dkt. 25 ("Report"). Garnes has not objected to the Report. For the following reasons, the Court adopts Judge Cave's report in full.

## DISCUSSION

After a magistrate judge has issued a Report and Recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept the portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*. *See id.*; Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). When a *pro se* plaintiff files objections, those objections "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Cave's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 5, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court adopts the Report in full and dismisses this action for failure to prosecute pursuant to Rule 41(b).  The Court respectfully directs the Clerk to mail a copy of this decision to plaintiff at the address on file.

SO ORDERED.

_Paul A. Engelmayer_

Paul A. Engelmayer
United States District Judge

Dated: July 17, 2024
        New York, New York

3